140 N.J. Super. 406 (1976)
356 A.2d 421
NEW JERSEY MORTGAGE AND INVESTMENT CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT,
v.
ANDREW BERENYI, DEFENDANT, AND ANNA BERENYI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 16, 1976.
Decided April 2, 1976.
*407 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Jules S. Littman, Staff Attorney Middlesex County Legal Services Corporation, attorney for appellant.
Mr. William Furst, attorney for respondent (Mr. Edward John Trawinski on the brief).
PER CURIAM.
Defendant Anna Berenyi appeals from a judgment for plaintiff based on the following stipulated facts:
1. On May 25, 1964, in a proceeding brought by Arthur J. Sills, Attorney General of the State of New Jersey against Kroyden Industries, Inc., a corporation of the State of New Jersey, in the Superior Court of New Jersey, Chancery Division, Essex County, a Consent Order was made by Honorable Ward J. Herbert, J.S.C., which Order enjoined the said Kroyden Industries, Inc. from committing certain acts or making certain representations with its customers in connection with the sale of carpeting. *408 Copy of the said Order is attached hereto and part hereof. [Attachment omitted].
2. In August, 1964, the defendants, Andrew Berenyi (now deceased) and Anna Berenyi, were referred from a participant in a sales scheme of Kroyden Industries, Inc., for the purchase of carpeting.
3. An employee of Kroyden Industries, Inc. offered, in violation of the injunction aforesaid, to give to the defendants carpeting which, if the contract price of $1,100.00 was paid, was worth $44.00 per square yard without making any payments as long as they referred prospective buyers to Kroyden Industries, Inc.
4. The defendants agreed to this plan since the carpeting would not cost them anything as long as they made the required referrals.
5. The defendants, relying upon the above offer and representations signed a negotiable promissory note for $1,521.00. Said instrument was negotiated to the plaintiff herein.
6. The plaintiff is a holder in due course for value of the negotiable promissory note sued upon and had no knowledge or notice of the proceedings brought by Arthur J. Sills, Attorney General of the State of New Jersey against Kroyden Industries, Inc.; and had no knowledge or notice of the entry of the Order in the Chancery Division by Judge Herbert; and had no knowledge or notice that Kroyden Industries, Inc., violated the aforementioned injunctive Order.
The trial judge ruled that the fact that the note was obtained as part of a transaction entered into by Kroyden Industries, Inc. (Kroyden) in violation of the injunctive order was not a defense in an action brought by plaintiff, whose status as a holder in due course, with no knowledge or notice of the injunctive order, was admitted.[1]
The controlling issue presented is whether the defense here asserted is a "real" defense or a "personal" defense. Real defenses are available against even a holder in due course of a negotiable instrument; personal defenses are not *409 available against such a holder. We affirm since we are satisfied that the defense presented is not a "real" defense.
Defendant argues that since the transaction which resulted in the execution and delivery of defendant's note was engaged in by Kroyden in violation of the injunctive order, the transaction was "illegal and thus a nullity under N.J.S.A. 12A:3-305," which provides in pertinent part as follows:
To the extent that a holder is a holder in due course he takes the instrument free from
* * * * * * * *
(2) all defenses of any party to the instrument with whom the holder has not dealt except
* * * * * * * *
(b) such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity; and
* * * * * * * *
However, the fact that it was illegal for Kroyden to enter into the transaction did not by reason of that fact render defendant's obligation under the note she executed a nullity.
On the contrary, as noted in the New Jersey Study Comment on N.J.S.A. 12A:3-305(2) (b):
In New Jersey, a holder in due course takes free and clear of the defense of illegality, unless the statute which declares the act illegal also indicates that payment thereunder is void. * * * [See e.g., N.J.S.A. 2A:40-3 which specifically provides that notes given in payment of a gambling debt "shall be utterly void and of no effect."] * * * where no such statute is involved, it has been held that a negotiable instrument which is rooted in an illegal transaction or stems from a transaction prohibited by statute or public policy is no reason for refusing to enforce the instrument in the hands of a holder in due course.
See Modern Industrial Bank v. Taub, 134 N.J.L. 260, 264-265 (E. & A. 1946); Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 484-485 (1952).
There being no statute ordaining that a note obtained in violation of an injunction is void and unenforceable, the *410 illegality involved is not a "real" defense; the note is enforceable in the hands of a holder in due course who had no knowledge or notice of the injunction.
The judgment is affirmed. No costs.
NOTES
[1] It is also conceded that the note sued on is a negotiable instrument. The transactions here involved took place long before the enactment of L. 1971, c. 399, N.J.S.A. 17:16C-38.1 et seq., requiring that a note executed in connection with a retail installment contract have printed thereon the words "Consumer Note" and providing that such a note should not be a negotiable instrument.